IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


STACY LENIER SCOTT (#53477-019),
     Plaintiff,

vs.                                Case No.:  5:05cv7/LAC/EMT

RAY HOLT, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 28 U. S. C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). 42 U.S.C. § 1983 (Doc. 12).  Leave to proceed in forma pauperis has been granted, and the initial partial filing fee has been paid.

       Plaintiff names two Defendants in this action, Officer Parker, a correctional officer at the Federal Correctional Institution in Marianna, Florida (FCI-Marianna), and Helen Hernandez, a physician's assistant at FCI-Marianna.  Plaintiff claims that Defendants failed to protect him from an inmate attack and failed to provide adequate medical care in violation of the Eighth Amendment. Plaintiff seeks "nominal, compensatory, and punitive damages" in the amount of $18,000.00 (*id.*).

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A.  § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual

allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff alleges the following facts in support of his claims.  On March 3, 2004, Plaintiff was placed in the special housing unit at FCI-Marianna in a cell with Inmate Mahone (Doc. 12 at 8). Prior to his placement in the cell, Inmate Mahone told Defendant Parker that he did not want a cellmate (id. at 9).  Upon Plaintiff's placement in the cell, Inmate Mahone made threatening gestures to Plaintiff and commented that he did not want Plaintiff in the cell (id.).  Five days later, Plaintiff informed Defendant Parker of the threats and stated he feared for his safety by remaining in the same cell with Inmate Mahone (id.).  Defendant Parker responded by stating, "Quit whining and man-up, coward," and returned Plaintiff to the cell with Mahone (id.).  Once inside the cell, Inmate Mahone shoved Plaintiff, causing him to hit his head, choked him from behind, and pushed his knee into Plaintiff's back (id.).  Plaintiff struggled with Mahone and experienced severe pain in his back and neck (id.).  The altercation then ended (id.).

Shortly after the attack, Plaintiff reported the incident to Defendant Parker and requested medical care and to speak with Lieutenant Kendall (id. at 9).  Parker facilitated Plaintiff's requests. Lieutenant Kendall wrote disciplinary reports on Plaintiff and Inmate Mahone and transferred Mahone to another cell (id.).  Kendall also contacted Defendant Hernandez to attend to Plaintiff's medical needs (id.).

Defendant Hernandez examined Plaintiff and diagnosed him as having a pulled back muscle (id.).  Plaintiff complained of constant pain and requested an X-ray (id.).  Hernandez prescribed pain medication (id.).  Plaintiff was subsequently transferred to another correctional facility, where he was diagnosed as suffering from displaced lumbar discs (id.).

To state a claim of cruel and unusual punishment under the Eighth Amendment, "there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature."  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)).  "An official's deliberate indifference to a known danger violates inmates' Eighth Amendment rights."  McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995).  Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citations omitted); McCoy, 47 F.3d at 407 ("'When officials become aware of threats to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection.'") (citation omitted).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  Id. 511 U.S. at 834.  To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Proof that a defendant should have but did not perceive a risk is insufficient.  Id. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."); Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999).  Whether an officer had the requisite knowledge of a substantial risk may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer.  Farmer, 511 U.S. at 842.

Furthermore, "[f]or a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Farmer, 511 U.S. at 835.  The risk of attack must have been substantial, beyond mere possibility.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam), cert. denied, 496 U.S. 928 (1990).  Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm."  See Brown, 894 F.2d at 1537 (finding defendants informed of "racial problem" in victim's cell not liable).  Correspondingly, a negligent failure to protect an inmate does not state

a claim under section 1983.[1]  <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).  Furthermore, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  <u>Farmer</u>, 511 U.S. at 844.

Thus, in order to demonstrate liability, Plaintiff must produce sufficient evidence of a substantial risk of serious harm, and he must also show that Defendant was deliberately indifferent to that risk.  <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995).  Additionally, causal links must be established between Defendant's deliberate indifference and the substantial risk to Plaintiff, as well as between the risk to Plaintiff and his actual injury.  *Id.*

In the instant case, read in the light most favorable to Plaintiff, the facts fail to establish deliberate indifference on the part of Defendant Parker.  Evidence that Parker was aware Inmate Mahone did not want a cellmate and that Mahone had told Plaintiff so is insufficient to establish deliberate indifference, as general hostilities exhibited by prisoners do not alone amount to a substantial risk of serious harm.  Even Defendant Parker's knowledge that Mahone made "threatening gestures" to Plaintiff is insufficient, because under the deliberate indifference standard liability arises only where a defendant unreasonably ignores a strong likelihood, rather than a mere possibility, that violence will occur.  *See* <u>Brown</u>, 894 F.2d at 1537; *see also* <u>Estate of Davis v. Johnson</u>, 745 F.2d 1066, 1071 (7th Cir. 1984) (plaintiff failed to establish deliberate indifference where record was bereft of any evidence which would have led Defendant to know there was a strong likelihood, rather than a mere possibility, that violence would occur).  Therefore, Plaintiff's claim against Defendant Parker should be dismissed.

Additionally, Plaintiff has failed to state an Eighth Amendment claim against Defendant Hernandez for allegedly failing to provide adequate medical treatment.  It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners.  <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1504 (11th Cir. 1991).  Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  *Id.* at 1505 (citing <u>Rogers v. Evans</u>, 792

---

[1]Courts generally apply section 1983 law to <u>Bivens</u> cases.  <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995).

F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of mere negligence or malpractice do not rise to the level of constitutional violations.  *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment.  *Id.* (citations omitted).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077, 121 S.Ct. 774, 148 L.Ed.2d 673 (2001).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'"  *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (internal quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258.  As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need."  Estelle, 429 U.S. at 104, 97 S.Ct. 285.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994); *see* Farmer, 511 U.S. at 834 (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").  In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06, 97 S.Ct. 285 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference."  Estelle, 429 U.S. at 105, 97 S.Ct. 285. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.

1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the present case, Plaintiff alleges Defendant Hernandez misdiagnosed his condition and failed to order x-rays.  However, Plaintiff acknowledges that Hernandez prescribed pain medication for his injury.  Although Plaintiff suggests he has now been properly diagnosed after transfer to another institution, he does not allege the treatment for his injury is different from the treatment provided by Hernandez, specifically, pain medication.  Thus, he cannot establish Defendant Hernandez' response to his medical need was so deficient as to constitute "an unnecessary and wanton infliction of pain."  Furthermore, Plaintiff alleges no facts suggesting Defendant Hernandez subjectively knew that her refusal to order x-rays created a risk of serious harm to Plaintiff and that her conduct was more than mere negligence.  Therefore, Plaintiff's allegations are insufficient to state a constitutional claim.

For the aforementioned reasons it is respectfully **RECOMMENDED**:

1.     That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of June 2005.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

Case No.:  5:05cv7/LAC/EMT